UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
RESIDENT ARTIST STUDIO, LLC,            )
a Massachusetts limited liability company, )
                                        )
              Plaintiff                 )   FIRST AMENDED COMPLAINT
                                        )   FOR FEDERAL TRADEMARK
                                        )   INFRINGEMENT, TRADEMARK
        v.                              )   DILUTION AND FALSE
                                        )   DESIGNATION OF ORIGIN,
                                        )   STATE TRADEMARK
                                        )   INFRINGEMENT AND UNFAIR
                                        )   COMPETITION
ABISEE, INC.,                           )   WITH JURY DEMAND
a Massachusetts corporation             )
                                        )
              Defendant                 )
                                        )
_____)

Plaintiff, Resident Artist Studio, LLC ("Resident Artist"), as and for its Complaint against Defendant, ABiSee, Inc. ("ABiSee"), alleges as follows:

1.      This action arises from the unauthorized adoption and use of the mark or designation EYE PAL by ABiSee in connection with a vision-related product. Resident Artist is the prior user and exclusive owner of the trademark EYE PAL for vision-related products, including gun sights for firearms, optical lenses, optical lenses to improve vision, optical pinhole lenses, optical pinhole devices to improve impaired vision and optical pinhole devices to improve "depth of field".

2.      By using the mark or designation EYE PAL in connection with one of its vision-related products, ABiSee has caused, and is likely to cause, confusion, mistake and deception with regard to whether Resident Artist is the source or sponsor of ABiSee's product, or whether

there is an association between Resident Artist and ABiSee, when in fact there is none.  In addition, ABiSee's acts are causing, and are likely to cause, dilution of Resident Artist's EYE PAL® trademark.  Consequently, Resident Artist seeks injunctive relief and damages under the Federal Lanham Act (15 U.S.C. § 1051 et seq.), the Massachusetts Trademark Act (M.G.L.A. c. 110B), the Massachusetts Consumer Protection Act (M.G.L.A. c. 93A) and common law trademark infringement and unfair competition.

## I.    JURISDICTION AND VENUE

3.   The Court has personal jurisdiction over ABiSee because it conducts business in this judicial district, and resides within this judicial district.

4.   This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367.  The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1332, 1338(b) and 1367.

5.   Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).  ABiSee resides in this judicial district, transacts and has transacted business in this judicial district and may otherwise be found here, and a substantial part of the acts giving rise to Resident Artist's claims herein were performed in this judicial district.

## II.   THE PARTIES

6.   Plaintiff, Resident Artist, is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 438 Hill Road, Boxborough, Massachusetts 01719.

7.   Upon information and belief, Defendant, ABiSee, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 77 Powdermill Road, Acton, Massachusetts 01720.

### III.   PLAINTIFF'S BUSINESS AND MARK

8.   Since at least November 19, 2005, Plaintiff, Resident Artist, has been in the business of manufacturing and selling a vision-related product under the trademark and designation EYE PAL. The product is an optical pinhole lens that can be semipermanently attached to a user's eyeglasses to improve the user's ability to view or sight near and remote objects.

9.   Early on, the EYE PAL product was sold, and used by Resident Artist's customers, primarily to improve vision or sighting of a firearm during shooting. As time went on, however, the EYE PAL's product's usefulness in a wide variety of other sighting, reading, vision-enhancing applications became apparent. The EYE PAL product is currently promoted and sold by Resident Artist for use in these myriad applications.

10.   Resident Artist is the owner of U.S. Trademark Registration No. 3,542,503 for the mark EYE PAL for use in connection with gun sights for firearms. This registration, duly and legally issued by the United States Patent and Trademark Office ("PTO") on December 9, 2008, is valid and subsisting, and pursuant to 15 U.S.C. § 1057(b), is prima facie evidence of Resident Artist's ownership of the mark EYE PAL and exclusive right to use the mark EYE PAL on the goods recited therein and on goods substantially similar thereto.

11.   Resident Artist is also the owner of U.S. Trademark Application No. 77/829,909 filed with the PTO on September 18, 2009 and amended on January 26, 2010 for the mark EYE PAL for use in connection with optical lens, optical lens to improve vision, optical pinhole lens, optical pinhole lens to improve impaired vision, optical pinhole lens to improve "depth of field" of vision. Application No. 77/829,909 was approved for publication by the PTO on March 10, 2010 and published for opposition by the PTO on March 30, 2010.

Case 1:10-cv-10268-DPW   Document 5   Filed 05/12/10   Page 4 of 12

12. Resident Artist is also the owner of Massachusetts Trademark Registration No. 72631 issued on May 10, 2010 for the mark EYE PAL for optical lens, optical lens to improve vision, optical pinhole lens, optical pinhole lens to improve impaired vision, optical pinhole lens to improve "depth of field" of vision.

13. Since at least November 19, 2005, Resident Artist has advertised its EYE PAL product in trade publications, at gun shows and over the Internet. Resident Artist is the owner of the Internet domain name www.eyepalUSA.com which can be accessed by the public worldwide and through which Resident Artist's product can be purchased.

14. Prior to ABiSee's adoption and use of Resident Artist's trademark EYE PAL, as alleged below, searches using a search engine such as Google or Yahoo for the words EYE PAL, EYE-PAL, or EYEPAL led almost exclusively to "hits" of web pages for Resident Artist's product.

15. The mark EYE PAL is a particularly strong mark because of its uniqueness and distinctiveness, and a valuable asset of Resident Artist. On information and belief, the mark EYE PAL has acquired status as a "famous" mark for purposes of 15 U.S.C. § 1125(c)(1) in the firearm sighting industry and in related vision-enhancing industries.

IV.   ABISEE's BUSINESS AND WRONGFUL ACTS

16. ABiSee sells vision-related products that assist blind or visually-challenged individuals in reading documents, texts and other printed or graphic material by converting the printed or graphic material into audio.

17. In 2008, on information and belief, ABiSee introduced a reader product under the trademark or designation EYE PAL. ABiSee's EYE PAL reader product includes a camera

having an optical lens and light source for scanning the material to be read, and a processor for converting the scanned material into an audio signal for playback to the user.

18.     In 2008, on information and belief, ABiSee introduced a reader product under the trademark or designation EYE PAL.  ABiSee's EYE PAL reader product includes a camera having an optical pinhole lens and light source for scanning the material to be read, and a processor for converting the scanned material into an audio signal for playback to the user.

19.     ABiSee prominently displayed the EYE PAL mark or designation on its website and in its printed literature for its product with a symbol, to wit, ®, falsely indicating that ABiSee owned a federal trademark registration for the mark.

20.     ABiSee continues to this date to falsely display the symbol ® with Resident Artist's registered trademark EYE PAL in documents posted on the Internet without permission of Resident Artist, and after being asked during negotiations concerning this matter to discontinue  such displays.

21.     Searches currently performed using a search engine such as Google or Yahoo for the words EYE PAL, EYE-PAL, or EYEPAL lead to a very large number of "hits" of web pages listing products of ABiSee to the extent that "hits" for Resident Artist or its product are submerged under the plethora of "hits" for ABiSee, to the great injury of Resident Artist, and to confusion of the public.

22.     After learning of ABiSee's use of the mark or designation EYE PAL, Resident Artist, through its counsel, contacted ABiSee and requested that ABiSee discontinue its use of the same.  Despite this and other attempts by Resident Artist to resolve this dispute amicably, ABiSee has persisted in using the EYE PAL mark or designation, leaving Resident Artist with no choice but to commence this action.

# FIRST CAUSE OF ACTION FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

23. Resident Artist realleges and incorporates herein by reference the allegations in Paragraphs 1 through 22 of this Complaint.

24. On information and belief, ABiSee was aware of Resident Artist's business and use of its EYE PAL trademark prior to ABiSee's adoption and use of the EYE PAL mark or designation for its vision-related product.

25. On information and belief, ABiSee either had actual notice, or had constructive notice, of Resident Artist's ownership and registration of the EYE PAL trademark pursuant to 15 U.S.C. § 1072 prior to ABiSee's adoption and use of the EYE PAL mark or designation for its vision-related product.

26. ABiSee is using the EYE PAL mark or designation in connection with its vision-related product without Resident Artist's consent and with knowledge of Resident Artist's rights.

27. ABiSee's unauthorized adoption and use of the EYE PAL mark or designation falsely indicates to consumers that ABiSee's product is in some manner connected with, sponsored by, affiliated with or related to Resident Artist or its vision-related product.

28. ABiSee's unauthorized adoption and use of the EYE PAL mark or designation has caused actual confusion, and is also likely to cause confusion, among consumers as to the source, nature and quality of the goods offered by the respective parties.  A customer of ABiSee contacted Resident Artist by e-mail seeking help with the ABiSee reader product sold using Resident Artist's trademark EYE PAL.  Numerous customers of Resident Artist have stated that they searched the Internet for its trademark EYE PAL and found only ABiSee's webpage.

29. ABiSee's unauthorized adoption and use of the EYE PAL mark or designation allows, and will continue to allow, ABiSee to receive the benefit of the good will established at great labor and expense by Resident Artist in the unique and distinctive trademark EYE PAL.

30. ABiSee's unauthorized adoption and use of the EYE PAL mark or designation deprives Resident Artist of the ability to control the consumer perception of the quality of its goods, and places Resident Artist's valuable reputation and good will in connection with the trademark EYE PAL in the hands of ABiSee, over which Resident Artist has no control.

31. ABiSee's use of the mark or designation EYE PAL is likely to cause further confusion, or to cause mistake, or to deceive consumers or potential consumers in violation of 15 U.S.C. § 1114.

32. Resident Artist has been, is now, and will be irreparably harmed by ABiSee's trademark infringement, and unless enjoined by the Court, Resident Artist will suffer further harm for which Resident Artist has no adequate remedy at law.

### SECOND CAUSE OF ACTION FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

33. Resident Artist realleges and incorporates herein by reference the allegations of paragraphs 1-32 of this Complaint.

34. On information and belief, because of its uniqueness and distinctiveness, Resident Artist's EYE PAL trademark is a "famous" mark that is widely recognized by consumers in the firearm sighting industry and other vision-related industries.

35. ABiSee's unauthorized adoption and use of the EYE PAL mark or designation has, and will continue to have, an adverse effect upon the value and distinctive quality of the EYE PAL trademark.  ABiSee's acts blur and erode the distinctiveness and source-identifying quality of the EYE PAL trademark, diluting the trademark in violation of 15 U.S.C. § 1125(c).

36. Resident Artist has been, is now and will be irreparably harmed by ABiSee's aforementioned acts, and unless enjoined by the Court, Resident Artist will suffer further harm for which Resident Artist has no adequate remedy at law.

### THIRD CAUSE OF ACTION FEDERAL FALSE DESIGNATION OF ORIGIN AND MISREPRESENTATION OF FACT
### (15 U.S.C. § 1125(a)

37. Resident Artist realleges and incorporates herein by reference the allegations in paragraphs 1-36 of this Complaint.

38. ABiSee's unauthorized adoption and use of the EYE PAL mark or designation falsely suggests that its vision-related product is connected with, sponsored by, affiliated with or related to Resident Artist or its vision-related product, and constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

39. ABiSee's wrongful use of the symbol ® in association with the mark or designation EYE PAL constitutes a false or misleading description or representation of fact in violation of 15 U.S.C. § 1125(a).

40. Resident Artist has been, is now and will be irreparably harmed by ABiSee's aforementioned acts, and unless enjoined by the Court, Resident Artist will suffer further harm for which Resident Artist has no adequate remedy at law.

### FOURTH CAUSE OF ACTION MASSACHUSETTS TRADEMARK INFRINGEMENT
### (M.G.L.A. c. 110B)

41. Resident Artist realleges and incorporates herein by reference the allegations in paragraphs 1-40 of this Complaint.

42. ABiSee's unauthorized adoption and use of the EYE PAL mark or designation in the Commonwealth of Massachusetts constitutes infringement of Resident Artist's Massachusetts Reg. No. 72631 for the mark EYE PAL in violation of M.G.L.A. c. 110B, § 11.

43. ABiSee's acts of infringement in the Commonwealth of Massachusetts are being performed willfully, with knowing disregard of Resident Artist's trademark rights.

44. Resident Artist has been, is now and will be irreparably harmed by ABiSee's aforementioned acts, and unless enjoined by the Court, Resident Artist will suffer further harm for which Resident Artist has no adequate remedy at law.

### FIFTH CAUSE OF ACTION UNFAIR AND DECEPTIVE ACTS IN VIOLATION OF MASSACHUSETTS LAW (M.G.L.A. c. 93(a))

45. Resident Artist realleges and incorporates herein by reference the allegations in paragraphs 1-44 of this Complaint.

46. At all times relevant hereto and in regard to the acts alleged herein, Resident Artist and ABiSee have been engaged in trade or commerce primarily and substantially within the Commonwealth of Massachusetts.

47. ABiSee's unauthorized adoption and use of the EYE PAL mark or designation, and false marking of the mark or designation with the symbol ®, constitute unfair or deceptive acts or practices within the meaning of M.G.L.A. c. 93(a), § 2.

48. ABiSee's acts described herein were performed willfully and knowingly.

49. As a result of the above-described unfair acts and practices, Resident Artist has sustained injury.

## SIXTH CAUSE OF ACTION COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

50. Resident Artist realleges and incorporates herein by reference the allegations in paragraphs 1-49 of this Complaint.

51. ABiSee's unauthorized adoption and use of the EYE PAL mark or designation, and false marking of the mark or designation with the symbol ®, constitute infringement of Resident Artists' common law rights to the mark EYE PAL and unfair competition in violation of the common law of Massachusetts.

52. ABiSee's wrongful acts have caused and will continue to cause Resident Artist irreparable harm for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Resident Artist prays for entry of a judgment:

A. Finding that ABiSee has (a) infringed Resident Artist's U.S. Trademark Reg. No. 3,542,503 in violation of 15 U.S.C. § 1114, (b) diluted the distinctive quality of Resident Artist's mark EYE PAL in violation of 15 U.S.C. § 1125(c), (c) engaged in acts of false designation of origin and misrepresentation of fact in violation of 15 U.S.C. § 1125(a), (d) infringed Resident Artists' Massachusetts Reg. No. 72631 in violation of M.G.L.A. c 110B, § 11, (e) engaged in unfair and deceptive acts in violation of M.G.L.A. c. 93A, §§ 2, 11 and (f) engaged in acts of common law trademark infringement and unfair competition.

B. Requiring that ABiSee, its officers, agents, servants, employees, owners and representatives, and all other persons in active concert or participation with it, be enjoined and restrained from (a) using in any manner the EYE PAL trademark, or any designation, mark or

domain name that incorporates the EYE PAL trademark or is confusingly similar to or colorable imitation of the trademark, (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or prospective customers of Resident Artist's product, as to the source of the product, or likely to deceive members of the public, or prospective customers, into believing that there is some connection between ABiSee and Resident Artist, and (c) committing any acts which will tarnish, blur or dilute or are likely to tarnish, blur or dilute the distinctive quality of the EYE PAL trademark;

   C. Ordering ABiSee, pursuant to 15 U.S.C. § 1116(a) and M.G.L.A. c. 110B, §§ 12-13, to file with this Court and serve upon Resident Artist thirty (30) days after entry of the injunction, a report writing under oath setting forth in detail the manner and form in which ABiSee has complied with the injunction;

   D. Ordering ABiSee, pursuant to 15 U.S.C. § 1118 and M.G.L.A. c. 110B, § 13, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate any materials bearing the EYE PAL mark or designation or any other mark or designation that is confusingly similar to or a colorable imitation of the same;

   E. For monetary damages in the amount of Resident Artist's actual damages, ABiSee's profits, Resident Artist's reasonable attorneys fees, costs of suit and prejudgment interest pursuant to 15 U.S.C. § 1117 and M.G.L.A. c. 110B § 12 and c. 93A § 11;

   F. For enhanced damages under 15 U.S.C. § 1117 and M.G.L.A c. 93A § 11 and punitive damages under Massachusetts law as appropriate; and

   G. Granting Resident Artist such other and further relief as the Court deems just and proper.

## JURY DEMAND

Resident Artist hereby demands a jury trial of all issues raised in this Complaint so triable as a matter of law.

Dated: May 12, 2010         Respectfully submitted,

RESIDENT ARTIST STUDIO, LLC

By Its Attorneys,

/s/ Thomas C. O'Konski
A. Sidney Johnston (BBO #632,578)
Thomas C. O'Konski (BBO #378,265)
Kevin Gannon (BBO #640,931)
CESARI and MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA 02210
(617) 951-2500